**UNITED STATES of America**

v.

**Jaime RIVERA, Appellant.**

No. 06–3372.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 10, 2007.

Filed Sept. 28, 2007.

Richard J. Zack, Office of United States Attorney, Philadelphia, PA, for Appellee.

Cheryl J. Sturm, Chadds Ford, PA, for Appellant.

Before: SCIRICA, Chief Judge, RENDELL and FUENTES, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Before the Court is an appeal from an order by the District Court denying a motion for a reduction of sentence. We will affirm the order. As we write for the benefit of the parties alone, we include only those facts necessary for the disposition of this appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Rivera began serving a 292 month sentence in 1992 after being convicted by a jury of various drug charges. Two of the counts of conviction stated that Rivera had distributed cocaine within 1,000 feet of a middle school in Allentown, Pennsylvania. As provided by U.S.S.G. § 2D1.2, Rivera's sentence was enhanced two levels due to the proximity to those schools.

Rivera's claim is brought under 18 U.S.C. § 3582(c)(2), which allows for the ex post reduction of a sentence if it was based on a sentence range that is later lowered by the Sentencing Commission. Rivera argues that Amendment 591 to the Sentencing Guidelines—which clarifies that the school-proximity enhancement (U.S.S.G. § 2D1.2) should not be imposed based on uncharged relevant conduct, but only based on the crime of conviction—would lower his applicable sentence range.

Here, the proximity to the two schools was clearly charged in two of the counts. As the District Court found, it is "undisputed that Rivera was convicted of selling drugs in a school zone." The motion was properly denied and we will affirm the order of the District Court.